IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID KELLEY, | Case No. 3:19-cv-01068-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KIRKMAN GROUP, INC. and DAVID HUMPHREY, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff David Kelley ("Kelley") brings this action against Defendants Kirkman Group, Inc. ("Kirkman") and David Humphrey ("Humphrey") (together, "Defendants"), alleging a fraud claim against Defendants and a breach of contract claim against Kirkman only. Defendants filed a motion to dismiss, alleging: 1) lack of personal jurisdiction over Humphrey; 2) insufficient service of process on Humphrey; 3) failure to plead the fraud claim with sufficient particularity; and 4) failure to state a contract claim. Defendants also ask the Court to transfer venue to the United States District Court for the District of Nevada. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. For the reasons set forth below, the Court grants the motion to dismiss the claim against Humphrey for lack of personal jurisdiction, grants Defendants'

PAGE 1 – OPINION AND ORDER

motion to dismiss both the fraud and contract claims, and denies Defendants' motion to transfer venue.

## BACKGROUND

Kirkman is a Nevada corporation headquartered in Reno, Nevada, with an office in Lake Oswego, Oregon. (Decl. of David Humphrey ("Humphrey Decl.") ¶ 6, ECF No. 5.) Humphrey has served as Kirkman's President and Chief Executive Officer ("CEO") since 2001. (*Id.* ¶ 2.) Humphrey has resided in Reno, Nevada since 2010, and intends to reside there indefinitely. (*Id.* ¶ 5.)

In the spring of 2018, Kelley approached Humphrey to discuss Kirkman. (Decl. of David Kelley ("Kelley Decl.") ¶ 2, ECF No. 8-1.) The parties decided that Kirkman should hire Kelley, and that Kelley would eventually take over as CEO. (*Id.* ¶¶ 2-3.) In or around September 2018, Kelley met with Humphrey and the CEO of Rosewood Private Investments ("Rosewood"), a Texas company interested in purchasing Kirkman, in Oregon to discuss Kelley's anticipated employment. (*Id.* ¶ 3.) On September 26, 2018, Kirkman extended an offer of employment to Kelley, contingent upon Rosewood completing its purchase of Kirkman. (Compl. Ex. A.)

On or about October 1, 2018, Humphrey informed Kelley that Kirkman's deal with Rosewood was complete. (Kelley Decl. ¶ 5.) Kelley left his job at Nike and began working for Kirkman in its Oregon office. (*Id.*) On April 1, 2019, Kirkman terminated Kelley without cause. (*Id.* ¶ 6.)

## DISCUSSION

### I. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted) (citing *Iqbal*, 556 U.S. at 678)).

## II. PERSONAL JURISDICTION

Defendants move to dismiss Kelley's fraud claim against Humphrey for lack of personal jurisdiction.

### A. Legal Standards

Federal district courts "ordinarily follow state law in determining the bounds of their jurisdiction over [a defendant]." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). "Oregon law authorizes personal jurisdiction over defendants to the full extent permitted by the United States Constitution." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citation omitted). The Court must therefore inquire whether its exercise of jurisdiction over Humphrey would "comport[ ] with the limits imposed by federal due process." *See id.* ("[The court] therefore inquire[s] whether the District of Oregon's exercise of jurisdiction over [defendant] 'comports with the limits imposed by federal due process.'").

"Due process requires that the defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Picot*, 780 F.3d at 1211 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S.

PAGE 3 – OPINION AND ORDER

310, 316 (1945)) (internal quotations omitted). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza*, 793 F.3d at 1068.

Kelley acknowledged at oral argument that he is unable to meet his burden of demonstrating general jurisdiction over Humphrey, who is domiciled in Nevada. Accordingly, the Court addresses only whether Humphrey is subject to specific personal jurisdiction.

The Ninth Circuit employs the following three-prong test to determine if a defendant has sufficient minimum contacts to be subject to specific personal jurisdiction:

> '(1)  [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)  the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)  the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.'

*Picot*, 780 F.3d at 1211 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

"A purposeful availment analysis is most often used in suits sounding in contract[,]" while "[a] purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* Kelley's only claim against Humphrey is a fraud claim, and therefore the Court applies the purposeful direction test. *See Slayden v. Schulz Boat Co., Inc.*, No. 3:13-cv-02259-AC, 2015 WL 225731, at *2 (D. Or. Jan. 16, 2015) (applying purposeful direction test to the defendants named in the plaintiff's fraud claim).

"'The plaintiff bears the burden of satisfying the first two prongs of the [specific jurisdiction] test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not

established in the forum state.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citation omitted in original); *see also Adidas Am., Inc. v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079, 1084 (D. Or. 2016) ("[T]he plaintiff bears the burden of demonstrating that the court's exercise of jurisdiction is proper.").

    **B.    Analysis**

Under the first prong of the specific personal jurisdiction test, Kelley bears the burden of demonstrating that Humphrey purposefully directed his activities toward Oregon.

Courts analyze purposeful direction using the Supreme Court's three-part "effects test," requiring that the defendant: "'(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (quoting *Calder v. Jones*, 465 U.S. 783 (1984)). The Supreme Court recently "made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum." *Id.* (citing *Walden v. Fiore*, 571 U.S. 277, 287 (2014)). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290.

In his fraud claim, Kelley alleges that Humphrey knowingly misrepresented to Kelley that the sale of Kirkman to Rosewood had been completed, and Kelley relied on Humphrey's misrepresentation to leave his prior employment and accept Kirkman's offer of employment. (Compl. ¶¶ 7-16.) However, Kelley does not allege, either in his complaint or his declaration, where or how Humphrey made the alleged misrepresentation. In fact, Kelley has alleged only a single contact that Humphrey had with Oregon relevant to Kelley's claims: "I discussed my anticipated employment with Kirkman, including my eventual path to becoming CEO of Kirkman, with Humphrey and the CEO of Rosewood Private Investments . . . *in Oregon*

PAGE 5 – OPINION AND ORDER

sometime around September of 2018." (Kelly Decl. ¶ 3) (emphasis added). Kelley also asserts that Humphrey's first misrepresentation about the Rosewood sale did not occur until on or about October 1, 2018 (Kelly Decl. ¶ 4), necessarily post-dating the Oregon meeting in September 2018. Thus, other than the fact that Kelley allegedly suffered an injury in Oregon, Kelley has alleged no forum-related contact by Humphrey relating to his alleged misrepresentation. As such, Kelley has failed to meet his burden of proving that Humphrey committed an intentional act expressly aimed at Oregon.[1] See Morrill, 873 F.3d at 1146 ("Therefore, as in *Walden*, the forum state was only implicated by the happenstance of Plaintiff['s] residence[.]"); Sky Billiards, Inc. v. Loong Star, Inc., No. EDCV 14-00921 JGB (SPx), 2014 WL 12601022, at *4 (C.D. Cal. Sept. 4, 2014) ("Plaintiff's allegations regarding specific jurisdiction are threadbare and fail to meet the standard for personal jurisdiction.").

Accordingly, the Court grants Humphrey's motion to dismiss the complaint against him for lack of personal jurisdiction.[2]

---

[1] The Court does not agree that Humphrey is insulated from specific personal jurisdiction because any relevant forum contacts were made in his role as a corporate officer. *See Calder*, 465 U.S. at 789 (holding that a defendant's "contacts with [the forum state] are not to be judged according to their employer's activities there" but "[o]n the other hand, their status as employees does not somehow insulate them from jurisdiction" and "[e]ach defendant's contacts with the forum State must be assessed individually"); *Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1057 (D. Or. 2014) ("[T]he fiduciary shield doctrine does not protect the individual defendants from being subjected to personal jurisdiction in Oregon" and "[i]nstead, the question is whether asserting personal jurisdiction over them under Oregon's long-arm statute comports with the due process requirements of the United States Constitution."); *D. Brutke's Victory Hills, LLC v. Tutera*, No. 3:12–cv–01951–SI, 2013 WL 3818146, at *4-5 (D. Or. July 22, 2013) (providing comprehensive review of Supreme Court, Ninth Circuit, and Oregon case law, and concluding that courts must consider "the totality of Defendant's actions, whether taken individually or on behalf of his various entities, in assessing the Court's personal jurisdiction over Defendant").

[2] In light of the Court's ruling, the Court does not address Defendants' arguments regarding Kelley's lack of proper service on Humphrey.

## III. FRAUD CLAIM

Defendants move to dismiss Kelley's fraud claim because he has not pleaded fraud with the particularity that Federal Rule of Civil Procedure ("Rule") 9(b) requires. (Mot. to Dismiss at 12-14.) Although Kelley acknowledges that he must plead the "times, dates, [and] places" of the alleged fraud, he argues that his allegation that Humphrey made the misrepresentation "at the time that Plaintiff left his prior employment and accepted the position with Defendant Kirkman" is sufficient. (Pl.'s Resp. at 10-11 (citing *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)). The Court disagrees.

"Claims sounding in fraud or mistake are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that such claims 'state with particularity the circumstances constituting fraud or mistake[,]'" including "the who, what, when, where, and how of the misconduct charged." *Becerra v. Dr. Pepper/Seven Up, Inc.*, --- F.3d ---, 2019 WL 7287554, at *2 (9th Cir. Dec. 30, 2019) (citation omitted). Here, Kelley has alleged the who (Humphrey), what (he misrepresented that the Rosewood sale was complete), but not the when (date), where (location), or how (e.g., in person, telephone, email, mail, or text message). Accordingly, the Court grants Defendants' motion to dismiss Kelley's fraud claim. *See Bracken v. USAA Gen. Indem. Co.*, No. 3:19-cv-00825-YY, 2019 WL 6037661, at *9 (D. Or. Nov. 14, 2019) (dismissing fraud claim where the plaintiff "failed to plead the who, what, when, where, and how of the alleged fraud").

## IV. BREACH OF CONTRACT CLAIM

Defendants move to dismiss Kelley's breach of contract claim on several grounds, including that the employment contract (attached to Kelley's complaint) expressly states that it is "contingent" on the completed Rosewood sale and Kelley acknowledges in his complaint that the sale was never completed. (Mot. to Dismiss at 16-17 (citing Compl. ¶¶ 8, 10).) Kelley responds

PAGE 7 – OPINION AND ORDER

that he may plead in the alternative that the sale was not completed (to support his fraud claim), and that the sale was completed (to support his contract claim). (Pl.'s Resp. at 13.)

As an initial matter, Kelley has not alleged that the sale of Kirkman to Rosewood was completed. Rather, he alleges that Humphrey represented to him that the sale was completed, and that Humphrey knew his representation was false. (*See* Compl. ¶¶ 8, 10.) Thus, on the face of the complaint, Humphrey acknowledges that the condition precedent to the employment offer (i.e., the completed sale agreement) was never satisfied.

Under Oregon law, if a contract includes a condition precedent to contract formation, no contract existed between the parties if the condition failed. *See Blandau v. Rennick*, 147 Or. App. 203, 215 (1997) ("The agreement could be enforceable . . . only if, or when, the condition precedent to its formation occurred."); *Porter v. Meier Chevrolet-Buick, Inc.*, 254 Or. 482, 484 (1969) ("Until the condition was met the contract did not come into operative existence."); *cf. Salem Res., Inc. v. U.S. Consultants, Inc.*, 75 Or. App. 249, 256 (1985) (affirming trial court finding that no partnership was formed where condition precedent to the formation of the partnership was never met). Alternatively, even if a contract was formed, any obligation to perform under the contract was contingent upon the failed condition precedent. *See D'Angelo v. Schultz,* 110 Or. App. 445, 450 (1992) ("Assuming that the other elements of a contract are present, a condition precedent is not a condition on which the validity of an *acceptance* is contingent; it is a condition on which *performance* is contingent."). In light of the fact that the condition precedent was not satisfied, either a contract was never formed or Kirkman was not obligated to perform under the contract, and therefore Kelley has failed to state a claim for breach of contract. *Cf. Sharma v. Providence Health & Svcs.-Oregon*, 289 Or. App. 644, 661-62 (2018) (analyzing the plaintiff's fraudulent inducement claim as a fraud claim, not a contract

claim, where the plaintiff alleged that his employer induced him to accept its offer of employment by misrepresenting facts relating to the offer).

While the Court agrees with Kelley that Rule 8 allows him to plead claims and legal theories in the alternative, "that rule also provides that any alternative pleading shall be made subject to the obligations set forth in Rule 11." *Cont'l Cas. Co. v. Travelers Ins. Co.*, No. C 06-4657 SI, 2007 WL 9734335, at *4 (N.D. Cal. Jan. 18, 2007) (dismissing claim without leave to amend because, to amend, the plaintiff "would need to allege facts directly contrary to those alleged in the complaint, thus running afoul of Rule 11"); *see also Holmes v. Deutsche Bank Nat'l Tr. Co.*, No. 09cv1413-LAB (NLS), 2010 WL 3749430, at *3 (S.D. Cal. Sept. 23, 2010) ("While Fed. R. Civ. P. 8(d)(2) and (3) permit a plaintiff to plead in the alternative, Rule 11(b) requires that reasonable inquiry be made before a complaint is filed, and that only those factual allegations that have evidentiary support or are likely to have evidentiary support be included."). Thus, Kelley may not amend his complaint to allege that Kirkman was in fact sold to Rosewood if he has no factual basis for the allegation.

For these reasons, the Court grants Defendants' motion to dismiss Kelley's breach of contract claim.

V.  VENUE

Defendants also move to transfer venue of any remaining claims to the District of Nevada. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"). Defendants acknowledge that all of the relevant private and public factors the Court must consider to transfer venue are "neutral," except that it may cost less for any non-party Rosewood witnesses located in Texas to travel to and stay in Reno, Nevada, instead of Portland, Oregon. (Mot. to Dismiss at 20.) The Court does not find that this single

PAGE 9 – OPINION AND ORDER

factor, standing alone, is sufficiently compelling to transfer venue to the District of Nevada. *See CollegeNet, Inc. v. Common Application, Inc.*, 355 F. Supp. 3d 926, 945 (D. Or. 2018) ("The burden is on the moving party to demonstrate that the balance of conveniences favoring the transfer is high."). Accordingly, the Court denies Defendants' motion to transfer venue.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss Kelley's claim against Humphrey for lack of personal jurisdiction, GRANTS Defendants' motion to dismiss Kelley's breach of contract and fraud claims, DENIES Defendants' motion to transfer venue, and dismisses Kelley's complaint with leave to amend (ECF No. 4). Kelley may file an amended complaint within 14 days, if he is able to cure the deficiencies identified herein.

DATED this 22nd day of January, 2020.

*[signature: Stacie F. Beckerman]*

STACIE F. BECKERMAN
United States Magistrate Judge