IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID KELLEY, | Case No. 3:19-cv-01068-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KIRKMAN GROUP, INC. and DAVID HUMPHREY, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff David Kelley ("Kelley") filed this action against defendants Kirkman Group, Inc. ("Kirkman") and David Humphrey ("Humphrey")[1] (together, "Defendants") alleging fraud and promissory estoppel claims against both Defendants, and a breach of contract claim against Kirkman only. After the Court granted Defendants' motion to dismiss Kelley's original and amended complaints, Kelley filed a second amended complaint (ECF No. 35). Defendants now move to dismiss the second amended complaint for failure to cure the pleading deficiencies the Court identified in its prior opinions (ECF No. 36).

---

[1] The Court dismissed Humphrey from this action for lack of personal jurisdiction. *See* Opinion & Order (ECF No. 34).

PAGE 1 – OPINION AND ORDER

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and all parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636.

The Court has carefully reviewed Kelley's second amended complaint, and finds that Kelley has pleaded no new factual allegations to cure the pleading deficiencies the Court identified in its prior opinions. *See* Opinion & Order (ECF No. 21); Opinion & Order (ECF No. 34). For the reasons set forth in its two prior opinions, the Court finds that Kelley has failed to state a claim and failed to plead fraud with particularity, and therefore grants Defendants' motion to dismiss the second amended complaint. As this is the Court's third order of dismissal and Kelley has not overcome the deficiencies in his pleadings, the Court dismisses the case with prejudice. *See Dennis v. Wells Fargo Bank, N.A.*, No. 3:18-cv-1049-SI, 2019 WL 1867923, at *2 (D. Or. Apr. 25, 2019) (dismissing case with prejudice where "[t]he Court gave Plaintiffs leave to amend their prior complaint in the event that they could overcome the deficiencies in their earlier pleadings" and "[t]he amended complaint does not overcome those deficiencies, and the Court does not have reason to believe Plaintiffs could state a plausible claim if given leave to amend again").

## CONCLUSION

For the reasons stated, the GRANTS Defendants' motion to dismiss the second amended complaint (ECF No. 36), and dismisses this case with prejudice.

**IT IS SO ORDERED.**

DATED this 16th day of October, 2020.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 2 – OPINION AND ORDER